AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
| --- | --- |
| v. | ) |
|  | ) Case No. |
| HILARIO REYES, | ) |
| RUBAD SANCHEZ, | ) 8:23MJ2155SPF |
| and LUIS CARLOS | ) |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 12, 2023** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). | While on board a vessel subject to the jurisdiction of the United States, the defendants did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*

Emir N. Abreu, Homeland Security Investigations
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 9/15/2023

*Judge's signature*

City and state: Tampa, FL

SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Emir N. Abreu, being duly sworn, depose and state:

### Introduction and Agent Background

1.　I am a Special Agent with the Homeland Security Investigations ("HSI") and have been employed by HSI since 1998. Since September 2017, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and state and local law enforcement agencies.

2.　As a member of Operation Panama Express, I have conducted investigations concerning violations of Title 21, United States Code, Sections 959 and 960, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46 Appendix, United States Code, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as the support and assistance that narcotics organizations require to conduct their illegal

activities. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

### Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about September 12, 2023, while on board a vessel subject to the jurisdiction of the United States, the defendants, HILARIO REYES, RUBAD SANCHEZ, and LUIS CARLOS, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

4. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to

me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5. On September 12, 2023, the His/Her Netherlands Majesty Ship ("HNLMS") GRONINGEN with an embarked USCG Law Enforcement Detachments Team ("LEDET") detected a go-fast vessel ("GFV") in international waters in the Caribbean Sea, approximately 140 nautical miles south of Isla Beata, Pedernales, Dominican Republic. The GFV was traveling northbound. GRONINGEN diverted to intercept the GFV.

6. HNLMS GRONINGEN launched a USCG helicopter and a small boat with members of the LEDET to come alongside and conduct a right of approach. The small boat intercepted the GFV.

7. The LEDET conducted a right of approach. The GFV did not display any indicia of nationality. The GFV master of the vessel claimed Dominican nationality for himself, and he did not claim any nationality for the GFV. The GFV, therefore, was treated as a vessel without nationality and subject to the jurisdiction of the United States.

8. The USCG LEDET conducted a full law enforcement boarding. On board the GFV, the USCG LEDET boarding team found the three defendants: HILARIO REYES, RUBAD SANCHEZ, and LUIS CARLOS. The boarding team discovered eighteen (18) bales, containing five hundred and sixty (560) kilograms,

suspected of being contraband aboard the GFV. The USCG boarding team conducted two Narcotics Identification Kit Tests on two of the kilograms. The results of the tests were positive for cocaine. The bales were weighed by members of the USCG.

9. In my training and experience, the GFV is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Caribbean Sea.

## CONCLUSION

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, HILARIO REYES, RUBAD SANCHEZ, and LUIS CARLOS, while on board a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a

mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

_____
Emir N. Abreu
Special Agent, HSI

Electronic: Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 15th day of September, 2023.

_____
SEAN P. FLYNN
United States Magistrate Judge

5